UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY T. YOUCKTON, JR., <br><br> Petitioner, <br><br> v. <br><br> BRUCE STINSON, Chehalis Tribal Jail Administrator, <br><br> Respondent. | CASE NO. C10-5780BHS <br><br> ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT THE PARTIES' OTHER RESPECTIVE MOTIONS |

This matter comes before the Court on Petitioner's ("Youckton") petition for writ of habeas corpus (Dkt. 1) and his motion for release (Dkt. 4). Also before the Court is Respondent's (the "Tribe") counter motion to dismiss Youckton's motion for release (Dkt. 7). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the petition and both of the parties' other respective motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On October 22, 2010, Youckton filed his petition for writ of habeas corpus. Dkt. 1. On November 11, 2010, Youckton moved the Court to order his release pending consideration of his petition. Dkt. 4. On December 30, 2010, the Tribe filed a counter-

ORDER - 1

motion to dismiss Youckton's motion for release. Dkt. 7. On January 11, 2011, Youckton responded in opposition to the Tribe's motion to dismiss. Dkt. 8. On February 3, 2011, the Tribe replied. Both the response and the reply are untimely; however, the Court resolves the issues as discussed herein.

## II. FACTUAL BACKGROUND

This matter arises out of Youckton's violation of a protective order issued by the Tribe. *See* Dkt. 1. Youckton challenges the sentence received on the basis of double jeopardy and due process violations. *See generally id*.

On November 14, 2007, a protective order was issued against Youckton that ordered him to, among other things, avoid contact with Tyanna Canales ("Canales"), a minor and a ward of the Tribe at the time of the order. *See, e.g.,* Declaration of Paula Olson (Olson Decl.), Ex. I.

Youckton violated the protective order. The tribal court accepted Youckton's guilty plea and sentenced him for the crime committed. As part of the plea agreement, the tribal court deferred judgment on several of the charged counts with the requirement that Youckton comply with certain terms and conditions of probation. *See id*.

Youckton violated the terms of his probation. Accordingly, the trial court revoked the deferred judgment and sentenced Youckton to 390 days in jail along with a $13,000 fine.

Youckton appealed his case to the tribal appellate court, arguing that new evidence was available that would require a retrial, or at least re-sentencing of his convictions. *See id*. at Ex. J (acceptance of appeal); *id*. at Ex. K (motion to tribal appellate court for remand based on newly discovered evidence); *id*. at Ex. M (order dismissing appeal for failing to file opening brief and for being untimely filed following the close of an extended filing period).

The factual and legal issues presented to this Court are twofold: (1) whether convicting Youckton of 205 counts of violating a court order constitutes double jeopardy and (2) whether Youckton's constitutional right to appropriate legal process was violated at sentencing.

Additionally, the parties set out facts regarding Youckton's escape from tribal jail. The specific facts and consequences of this escape are not before this Court. However, Youckton admits that due to his escape he did not file an appeal regarding the trial court's decision to revoke his deferred judgment, incarcerate him for 390 days, and fine him for $13,000. *See* Dkt. 1 at 4 (Youckton's petition).

### III. DISCUSSION

**A.   Exhaustion of Remedies**

Generally, 28 U.S.C. § 1331 "encompasses the federal question whether a tribal court has exceeded the lawful limits of its jurisdiction, . . . [and] exhaustion is required before such a claim may be entertained by a federal court." *Nat'l Farmers Union Ins. Co. v. Crow Tribe of Indians*, 471 U.S. 845, 857 (1985). Exhaustion is prudential rather than a jurisdictional prerequisite; exhaustion is generally required as a matter of comity. *State v. A-1 Contractors*, 520 U.S. 438, 451 (1997).

Youckton maintains that he has exhausted his tribal trial court remedies. Dkt. 1 at 6. Youckton also contends that "[h]e has no reason to believe that the appellate court would be willing to review his concerns at this juncture." *Id*. Instead of raising the exhaustion issue, the Tribe moves directly to the merits in its motion to dismiss. *See* Dkt. 7.

Nonetheless, it is proper for a district court to raise the exhaustion issue *sua sponte*. *Brown v. Fauver*, 819 F.2d 395, 398 (3rd Cir 1987). The United States Supreme Court has also held that it would be unwise to create a rule that permits a district court to reach the merits only to have exhaustion raised on appeal, which would cause a petitioner

ORDER - 3

to be held in custody longer. *See Granberry v. Greer*, 481 U.S. 129, 132 (1987). Applying *Granberry* to the present matter, the Court should, in the interests of comity, deny the petition and send the matter back to the tribal court if there is some merit to petitioner's arguments. On the other hand, when a petitioner's arguments lack merit, the Court should resolve the matter to avoid needless litigation. *See id.*

Before the Court can discuss the merits of this case, however, some predicate concerns regarding exhaustion must be addressed. To begin with, Youckton raises for the first time before this Court the issue of double jeopardy. Also, while Youckton did raise a due process claim to the tribal trial court, he did not appeal that issue. Thus, neither issues now raised were raised to the tribal appellate court. Indeed, Youckton's appeal was based solely on a claim of newly discovered evidence; namely, that Canales would testify in Youckton's favor regarding the multiple text messages and phone calls that were found to have violated the protective order. *See* Olson Decl., Ex. M (denial of appeal). Moreover, when the tribal trial court revoked the deferred judgment and sent Youckton back to jail, he did not appeal that ruling due to his escape. *See* Dkt. 1 at 4.

Based on the foregoing, it is evident that, at least with respect to the double jeopardy and due process arguments, Youckton has failed to exhaust his remedies. This conclusion leads to the Court's second predicate concern, which is that Youckton has not established that denial of his petition in this Court would send him back to the tribal system wherein he would be unable to pursue an appeal with the tribal court system regarding his double jeopardy and due process claims.

Finally, even if Youckton could establish that he cannot bring another appeal in the tribal court, he has not established with any support that this Court could grant relief in light of his failure to exhaust by virtue of his failure to appeal on these particular issues of double jeopardy and due process.

Therefore, based on the current record, the Court denies Youckton's petition without prejudice.

## B.    Merits of Youckton's Petition

Based on the foregoing analysis, the Court declines to reach the merits of Youckton's arguments. However, should Youckton refile his petition for writ of habeas corpus with the Court, some concerns are worth noting without deciding at this time.

Youckton makes the following argument to support his double jeopardy claim: (1) Youckton committed domestic violence under Chehalis Tribal Code ("CTC") § 15.03.02; (2) domestic violence is defined under CTC §15.03.01, which sets out five possible ways to commit domestic violence; (3) the only way Youckton's case fits into the domestic violence definition is under the fifth way, stalking; (4) stalking is defined by CTC § 15.04.01, which envisions "repeated" contact; (5) Youckton's multiple texts/phone calls should be considered "repeated" contact for purposes of sentencing, which would require sentencing him for this conduct as one unit of offense; therefore (6) sentencing him for 205 separate violations rather than as one unit of crime may constitute double jeopardy.

While Youckton's double jeopardy argument is at least facially appealing and potentially a colorable double jeopardy argument, it is not adequately briefed. Youckton's argument relies on an assumption that domestic violence as described in § 15.03.02 (person who violates protective order has committed domestic violence) necessarily means that this instance of domestic violence must be categorized within § 15.03.01 (setting out ways to commit domestic violence). This argument neglects the possibility that § 15.03.02 creates a sixth, independent way to commit domestic violence, namely violating a protective order. Additionally, should Youckton refile his petition, both parties will be expected to fully and adequately brief this issue, among the others that may be relevant.

**IV. ORDER**

Therefore, it is hereby **ORDERED** that Youckton's petition is **DENIED without prejudice** for the reasons discussed herein. The parties' remaining motions (Dkts. 4 and 7) are **DENIED as moot**. This matter is closed.

DATED this 8th day of February, 2011.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge